IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MELVIN PEREZ,

    Petitioner,

vs.                                    CASE NO. 1:08CV19-MMP/AK

WALTER MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner's *pro se* request for habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. 14. Petitioner has paid the filing fee. Respondent has submitted a response, Doc. 27, and Petitioner has filed a reply, Doc. 29, thereby placing this matter in a posture for disposition. Having carefully considered the matter, the Court recommends that habeas relief be denied.

    Petitioner is a Florida inmate who, at the relevant time, was incarcerated at Hamilton Correctional Institution on a 25-year sentence for second-degree murder. On February 7, 2005, Petitioner was issued a disciplinary report (DR) for disorderly conduct. Doc. 27, Ex. B. More specifically, a corrections officer charged:

> [W]hile conducting an investigation, I attempted to interview...Perez...about his affiliations with the Netas gang. Inmate Perez stated in a loud belligerent voice, "You pulled me out the f**king dorm for this, mother f**ker I don't know s**t about anything!" I ordered...Perez to cease his behavior at which time I asked...Perez again his affiliations with the Netas gang. Inmate Perez then stated, "I'm the head F**king man, what the f**k are you gonna do, I'll have my boys turn this compound upside down at the word go, so f**k with me if you want to!"

*Id*. Petitioner was given notice of the charge, and during the investigation, he stated:

> At no time did I become disorderly with Sgt. Sapp nor did I say anything that Sgt. Sapp asserts I said. This D.R. was in retaliation for not knowing anything about what Sgt. Sapp was questioning me about. This practice of falsifying D.R. is unconstitutional and actions should be taken to stop this practice.

*Id*. Petitioner declined staff assistance and indicated he had no supporting witnesses. *Id*.

The hearing team found Petitioner guilty of the charged violation based on the officer's statement and sentenced Petitioner to 30 days of disciplinary confinement and a forfeiture of 60 days of gain time. *Id*.

Petitioner pursued his administrative remedies, arguing at the first stage that the DR failed to comply with prison regulations as it did not state the place of the violation, the rule violated, or the staff who were present. *Id*. He also claimed that the hearing team based its decision on the officer's false testimony and that the DR was issued in retaliation for telling the officer he did not have any information regarding gang activity. *Id*. The team's findings were upheld, and Petitioner appealed to the next level. *Id*. At the second level, he added a claim that he told the investigating officer that he had witnesses but that he did not know the witnesses' names, only "the location they were working on that day." *Id*. He also charged that the hearing team did not read his statement, as it had indicated, and that the charging officer had engaged in a pattern of harassment and retaliation against him. *Id*. The DR was again upheld. *Id*.

Petitioner then filed a petition for writ of mandamus in state court. Doc. 27, Ex. C. The court found that Petitioner had "received all the due process required by *Wolff* in this case," as he was given advance written notice of the charge, an opportunity to make a statement regarding the incident and to call witnesses, and a written statement from the hearing team "detailing the evidence upon which the team relied." *Id*. The court also found that the officer's statement met

the "'some evidence'" standard of *Hill*. *Id*. The court therefore denied mandamus relief. *Id*.

Petitioner then filed a petition for writ of certiorari in the court of appeal, which was "denied on the merits." Doc. 27, Ex. F.

In the instant petition, Petitioner seeks federal habeas relief on two grounds. First, he claims that he was denied due process by Respondent's failure to follow Department of Corrections rules during the disciplinary proceedings. Doc. 14. Second, he argues that he was denied due process when the hearing team based its decision solely on the officer's statement. *Id*.

## **DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable

from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002). Under § 2254, the

Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Finally, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v.*

*State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

Because Petitioner's claims involve a prison disciplinary hearing, additional considerations apply in determining whether deference should be accorded the state court's decision. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, where a prison disciplinary hearing may result in the loss of good time credits, an inmate is entitled to certain minimum procedures which are sufficient to insure that those credits are not "arbitrarily abrogated." *Wolff*, 418 U.S. at 557. Specifically, an inmate faced with the prospect of losing gain time must receive: (1) advance written notice of the charges against him; (2) the opportunity to call witnesses and present documentary evidence in his defense, unless allowing such would be inconsistent with institutional safety and correctional goals; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action imposed. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Wolff*, 418 U.S. at 563-67.

Furthermore, the requirements of due process are fully satisfied "if **some** evidence supports the decision by the prison disciplinary board to revoke good time credits." *Hill*,

472 U.S. at 455 (emphasis added). Determining whether "this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id*. Rather, the Court should focus on "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56.

To the extent that Petitioner claims a straight state law violation of the administrative rules because the DR did not contain certain information, the claim is not cognizable in this proceeding. *Engle*, 456 U.S. at 119. To the extent that he claims a constitutional violation regarding the notice, the claim is without merit. The Constitution only requires that Petitioner receive advance written notice of the charges against him. *Wolff*, 418 U.S. at 563-67. As the state court found, this standard was met, and the alleged failure of the notice to meet certain technical state law rule requirements does not alter that conclusion. As long as the prisoner is sufficiently notified of the charges against him so that he can meet those charges head on at a hearing, due process is satisfied, and thus, the state court's decision is neither contrary to nor an unreasonable application of Supreme Court precedent.

As to Petitioner's claim that he was denied due process when the hearing team based its decision solely on the officer's statement, it is likewise without merit. The question is not whether Petitioner could be convicted either beyond a reasonable doubt or by a preponderance of the evidence, but whether there was "some evidence" to support the disciplinary team's finding of guilt. With that standard in mind, there was "some evidence," the officer's eyewitness statement, to support the team's conclusion that

Petitioner violated the rules of the prison by being disorderly. Though not explicitly stated, the team obviously credited the officer's eyewitness account and found Petitioner's denial not to be credible. Credibility determinations by the hearing team are entitled to deference and are not to be independently made by this Court in this context. The state court's decision is therefore neither contrary to nor an unreasonable application of clearly established federal law.

**CONCLUSION**

Having carefully considered the matter, the Court respectfully **RECOMMENDS**:

That the petition for writ of habeas corpus, Doc. 14, be **DENIED**;

That this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 29th day of July, 2009.

*s/A. Kornblum*
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**