IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MELVIN PEREZ,

       Petitioner,

v.                                  CASE NO. 1:08-cv-00019-MP-AK

JAMES MCDONOUGH, WALTER MCNEIL,

       Respondents.

_____/

# O R D E R

      This matter is before the Court on Doc. 32, Report and Recommendation of the Magistrate Judge, which recommends that the Writ of Habeas Corpus, Doc. 14, be denied and that the cause be dismissed with prejudice. The Magistrate issued the Report on Wednesday, July 29, 2009. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Petitioner has filed an objection at Doc. 34. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. Petitioner made a total of eight objections.

      Petitioner first objects to the Magistrate's finding that Petitioner indicated he had no supporting witnesses to the original confrontation from which the challenged disciplinary report arose, citing to the original disciplinary report ("DR") at Doc. 27, Ex. B-2. As Respondent points out, Petitioner checked the box for "I do not have any witnesses" and signed that form (Doc. 27-4, p. 5) when properly afforded his opportunity to list and call witnesses. However, even if Petitioner had presented witnesses in addition to his own testimony at his hearing, he would not be entitled to federal relief. The requirements of due process are satisfied fully "if

**some** evidence supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985) (emphasis added). Because the officer issuing the DR testified at Petitioner's hearing against him, there was indeed "some evidence" supporting the decision by the prison disciplinary board, and this Court may not reverse it.

Petitioner's sixth objection is to the "some evidence" standard that applies on Habeas corpus review, rather than the preponderance of the evidence standard that applied at the original disciplinary hearing. While the Court understands that Petitioner would prefer a less deferential standard on review, the Supreme Court's language in *Hill* is clear and binding.

Petitioner's seventh objection is that the testimony of the officer originally issuing the DR should not be considered "some evidence." It is not clear how Petitioner would construe the testimony of an eyewitness against him, but this Court does indeed consider it "some evidence" supporting the administrative finding against him. Petitioner's fifth objection, that he was indeed denied due process when the administrative board based its conclusion on the eyewitness testimony of the officer writing the DR, is without merit because the officer's testimony is "some evidence," and no more is required under *Hill*.

Petitioner's second, third, and fourth objections concern the Magistrate's finding that Petitioner is not entitled to federal Habeas corpus relief for every violation of state law or procedure, if that violation fails to rise to the level of a deprivation of a federal constitutional right, citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982). This is the heart of the issue. As Respondent noted in its Answer, the role of this Court in reviewing prison disciplinary proceedings is to ensure that due process is observed, not to determine whether the disciplinary hearing comported with every detail in administrative regulations. *See Black v. Warren*, 134

F.3d 733, 734 (5th Cir. 1998). Agency rules, standing alone, do not establish additional due process rights. *Hewitt v. Helms*, 459 U.S. 460, 469 (1983). Petitioner would prefer simply to be able to comb through prison administrative regulations to find some technical error in his proceedings, but federal Habeas corpus relief requires those errors to rise to the level of a federal constitutional violation, the standards for which are clear and which the proceedings at issue here have not violated.

Finally, Petitioner objects to the Magistrate's finding that "the state court's decision is therefore neither contrary to nor an unreasonable application of clearly established federal law." Having performed proper *de novo* review of this and all other of Petitioner's objections, this Court finds the Magistrate's analysis on every point to be precisely correct. Therefore, it is

**ORDERED AND ADJUDGED:**

1.    The Report and Recommendation of the Magistrate Judge, Doc. 32, is adopted and incorporated herein.

2.    Petitioner's Petition for a Writ of Habeas Corpus, Doc. 14, is DENIED.

3.    This cause is DISMISSED WITH PREJUDICE.


**DONE AND ORDERED** this   *18th* day of August, 2009


       *s/Maurice M. Paul*
         Maurice M. Paul, Senior District Judge