IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MELVIN PEREZ,

      Petitioner,

v.                                   CASE NO. 1:08-cv-00019-MP-AK

JAMES MCDONOUGH,
WALTER MCNEIL,

      Respondents.

_____/

# O R D E R

This matter is before the Court on Doc. 43, Motion for Leave to Appeal *in Forma Pauperis* by Melvin Perez, and Doc. 42, Motion for Certificate of Appealability.  With regard to the notice of appeal, the Court has two issues before it:  whether Petitioner should be granted a Certificate of Appealability ("COA"), and if so, which issue(s) should be certified for appeal.  Also, with regard to the motion to proceed *in forma pauperis*, the Court must consider whether the appeal is taken in good faith, as the term is used in Fed. R. App. P. 24(a)(3) and (4).  Having considered the facts of this case and the applicable law, the Court finds that Petitioner should not be granted a certificate of appealability and that the motion to proceed *in forma pauperis* should be denied.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal.  See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996)

(en banc), <u>cert. denied</u>, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997).  Pursuant to the statute, "[a]

certificate of appealability may issue . . . only if the applicant has made a *substantial showing* of

the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (emphasis added).  Section

2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner

is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right"

[28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must

demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the

issues [in a different manner]; or that the questions are adequate to deserve encouragement to

proceed further.'" <u>Lozada v. Deeds</u>, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956

(1991) (emphasis and brackets in original) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, n.4,

103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)) If a petitioner fails to make such a showing,

his or her request for a COA must be denied.  <u>See</u>, <u>e.g.</u>, <u>United States v. Riddick</u>, 104 F.3d 1239,

1241 (10th Cir. 1997); <u>Hohn v. United States</u>, 99 F.3d 892, 893 (8th Cir. 1996), <u>petition for cert.</u>

<u>filed</u> (May 12, 1997) (No. 96-8986).

Here, Petitioner's argument that he was punished for exercising his right to remain silent

falls flat because his petition neglects to mention the nature and manner of his response to the

corrections officer who was asking him about violent gang activity in the prison.  Had he

respectfully and politely chosen to remain silent when corrections officers were conducing their

investigation into how to protect prisoners like himself from gang violence, and a Disciplinary

Report were filed afterwards, the authority Petitioner cites may be on point.  What happened in

Petitioner's case, however, is that in response to questions designed to gather information that

would allow corrections officers to combat violent gang activity in the prisons, Petitioner replied

thus:

> You pulled me out of the f**king dorm for this, motherf**ker I don't know s**t
> about anything! ... I'm the head f**king man, what the f**k are you gonna do,
> I'll have my boys turn this compound upside down at the word go, so f**k with
> me if you want to!

Doc. 27, Ex. B.

Petitioner's second and third arguments in favor of a certificate of appealability also fail

to persuade because they ignore probative and proper evidence that he was punished for his

actual bad conduct, and because they demand a federal court use an improper standard of review

of a prison administrative hearing.  This Court has taken pains to make very clear the binding

Supreme Court authority on standards of review as they pertain to this case.  The requirements of

due process are satisfied fully "if *some evidence* supports the decision by the prison disciplinary

board to revoke good time credits."  <u>Superintendent, Massachusetts Correctional Institution v.

Hill</u>, 472 U.S. 445, 455 (1985) (emphasis added).  While Petitioner is correct in his assertion that

the prison administrative hearing itself must use the preponderance of the evidence standard, that

standard does not apply to federal review of that hearing on Petitioner's current collateral attack.

Additionally, Petitioner has not presented, and this Court cannot find, any binding Supreme

Court authority to support his proposition that mere allegations of retaliation to explain a prison

disciplinary action that is otherwise fully supported by credible and probative evidence allow a

federal court to invalidate that disciplinary action on collateral attack.

Accordingly, no reasonable jurists would debate the fact that petitioner's habeas corpus

petition was properly dismissed.  Consequently, Petitioner cannot make a substantial showing of

the violation of a constitutional right and the Application for Certificate of Appealability should

be denied.

Also, for the reasons given above, Petitioner's appeal is frivolous and fails to state a claim upon which relief may be granted. The Court hereby certifies, pursuant to Fed. R. App. P. 24(a)(3) and (4), that the appeal is not taken in good faith and that an appeal may not be taken *in forma pauperis*.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      Petitioner's Motion for a Certificate of Appealability, Doc. 42, is DENIED.

2.      Petitioner's Motion to Proceed *In Forma Pauperis*, Doc. 43, is DENIED.

3.      The clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this  *14th* day of September, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge